**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DENNIS ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06 C 1367 |
| ) | |
| CAROL ADAMS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

*Pro se* plaintiff Dennis Elliott, who is civilly committed and detained at a facility of the Illinois Department of Human Services, has sued various IDHS personnel who work at the facility as well as personnel affiliated with Liberty Healthcare, which evidently administers the facility (or at least certain of its programs) by contract with IDHS. Defendant Carol Adams, the Secretary of IDHS, has moved to dismiss Elliott's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants Adams' motion in part and denies it in part and also grants in part and denies in part a similar motion recently filed by several other IDHS defendants.

**The complaint and the motions to dismiss**

In his complaint, Elliott alleges that in August 2003, to resolve Case No. 01 C 5357, he entered into a settlement agreement with IDHS and others, including Liberty, under which they agreed (among other things) not to violate his First Amendment rights and to provide additional training to employees. Compl. ¶¶ 1-5. Elliott alleges that in September 2005, certain of his legal

papers and other materials he used in pursuing legal redress were seized and were not returned to him for a significant period. *Id.* ¶¶ 6-7. He alleges that he "suffered grievous losses, including both state and federal lawsuits, materials, transcripts, contracts, and other documents." *Id.* ¶ 7. Elliott says that the defendants have put up other hurdles that prevent him from receiving court orders via the mail in timely fashion and that he has not been given full access to logs of his incoming and outgoing mail that would permit him to monitor these activities. *Id.* ¶¶ 8-9. All of this, Elliott alleges, violated his constitutional rights. He alleges that as a result, three of his lawsuits pending before this Court were dismissed without his knowledge: *Elliott v. Baker,* Case No. 01 C 174; *Elliott v. Aramark Correctional Svcs.,* Case No. 01 C 9461, and *Elliott v. Baker,* Case No. 02 C 8949. Compl. ¶¶ 10 & 15.

Elliott also contends that defendants violated various terms of the August 2003 settlement agreement and "have reverted back to the original mail system" that formed the basis of the claims he made in the lawsuits that led to that agreement. *Id.* ¶¶ 13-14, 17-19.

Elliott also appears to allege that when he "refused to be double celled," he was forcibly extracted from his cell, and all of his property was seized for punitive reasons and without due process of law. *Id.* ¶¶ 11-12.

Finally, Elliott alleges generally that the defendants have interfered with his constitutional rights, including his right of access to the courts, his right to petition for redress of grievances, his right to free speech, the prohibition against depravation of property without due process, and the prohibition against unreasonable searches and seizures. *Id.* ¶ 20. Defendants have done this, Elliott alleges, by seizing his papers (including legal materials); seizing writing implements, envelopes, address, and postage; delaying his incoming mail for extended periods;

instituting policies contrary to the August 2003 settlement; and retaliating against him for the exercise of his rights by seizing his property. *Id.* ¶ 20(1-5). These general allegations do not appear to the Court to add any claims beyond Elliott's earlier-described claims that his right of access to the courts to petition for grievances, the prohibition against deprivation of property without due process, and the settlement agreement were violated.

Defendant Carol Adams, alleged to be the Secretary of IDHS, has moved to dismiss Elliott's complaint. That motion is fully briefed. Recently, several other IDHS-affiliated defendants (Thomas Monahan, Mary Mascote, Brenda Wilts, David Biermann, Tarry Williams, and Darrell Sanders) likewise moved to dismiss, making arguments that overlapped with those in Adams' motion. The Court has not yet set a briefing schedule on the latter motion.

## Discussion

**1.    Claim of right of access to courts and right to petition for redress**

To state a claim for interference with his right of access to the courts, Elliott must allege that he lost a case or suffered some other legal setback as a result of the interference. *See, e.g., Pratt v. Tarr,* 464 F.3d 730, 732 (7th Cir. 2006). In this regard, the Court may take judicial notice of matters of public record on the Court's docket. *See, e.g., Anderson v. Simon,* 217 F.3d 472, 474-75 (7th Cir. 2000).

Two of the cases identified by Elliott, Case No. 01 C 9461 and Case No. 02 C 8949, were initially dismissed due to what the Court perceived as Elliott's failure to prosecute the cases. Later on, it came to the Court's attention that there were problems with Elliott's incoming and outgoing legal mail. After holding a video conference in which Elliott participated, the Court was sufficiently persuaded that his mail had been delayed or diverted that it decided to reinstate

both cases and appoint counsel to represent Elliott. Though the dismissal caused delays in the resolution of both cases, Elliott did not lose the cases – they were reinstated – and he has alleged no impediment that he suffered by reason of the delays. As a result, he cannot maintain a "right of access" claim based on the disposition of those cases.

In the third case that Elliott cites, Case No. 01 C 174, Elliott likewise failed to take certain required steps, and the Court dismissed the case. Before dismissing the case, out of concern regarding diversion of Elliott's incoming mail, the Court required the defendants in that case to verify that the Court's order directing Elliott to make a particular filing had been delivered to him. The defendants filed the requested verification. Because Elliott did not thereafter take the steps required by the Court's order, the Court dismissed his case for failure to prosecute. But it is at least possible that the problem was actually with Elliott's outgoing mail (an allegation he makes in the present complaint), as opposed to his incoming mail. Thus, contrary to defendant's argument, Elliott may maintain a "right of access" claim based on the dismissal of Case No. 01 C 174.

Adams also argues that she had no involvement in the policies or practices that Elliott claims led to the dismissal of Case No. 01 C 174. But Elliott alleges otherwise, *see* Compl. ¶ 15, and as a result Adams is not entitled to dismissal on this basis under Rule 12(b)(6).

The same ruling applies to defendants Monahan, Mascote, Wilts, Biermann, Williams, and Sanders: Elliott's constitutional claim based on Case Nos. 01 C 9461 and 02 C 8949 is dismissed, but his claim based on Case No. 01 C 174 may proceed.

**2.     Claim for breach of settlement agreement**

Elliott's claim alleging violations of the August 2003 settlement agreement would not be

4

independently cognizable in federal court were it a stand-alone claim, as it amounts to a state law claim for breach of contract. The claim is, however, within this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) because of its interrelationship with Elliott's claim for denial of his right of access to the courts premised upon the dismissal of Case No. 01 C 174. The Court therefore declines to dismiss Elliott's claim for breach of the settlement agreement on the only ground argued by Adams and the other defendants – the contention that this is a state law claim.[1]

3.      **Claim for deprivation of property**

Elliott cannot maintain a claim for denial of due process based on defendants' alleged taking of his property.[2] The existence of a post-deprivation state law remedy for the loss of his property is sufficient to satisfy due process, despite Elliott's allegations that defendants acted intentionally and in retaliation for his exercise of other rights. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984).

Elliott may, however, pursue that state law claim in this case. He alleges that the property that was taken included materials he needed to pursue his legal claims. This is a sufficient factual nexus between the state law claim and his claim for denial of access to the courts to bring the state law claim within the Court's supplemental jurisdiction under § 1367(a). And because Elliott alleges the involvement of Adams, Monahan, Wilts, Biermann, Williams,

---

[1] Because neither side has provided the Court with a copy of the agreement, it is unclear whether Adams or any of the other defendants are parties to the agreement and thus potentially liable for its breach. The Court leaves this issue for another day.

[2] The Court notes, however, that Elliott's factual allegations in this regard may nonetheless be pertinent to his claim for denial of his right of access to the courts.

and Sanders in the deprivation of his property (Adams and Monahan via the establishment of policies and procedures, *see* Compl. ¶¶ 12 & 14, and the others via their taking of the property, *see id.* ¶ 7), they are not entitled to dismissal of Elliott's state law claim. Elliott may not pursue this particular state law claim against Mascote, however, as she is not alleged to have participated in the taking of his property.

## Conclusion

For the reasons stated above, the motions to dismiss filed by defendant Adams and by defendants Monahan, Mascote, Wilts, Biermann, Williams, and Sanders are granted in part and denied in part [docket nos. 21, 38]. Elliott's First Amendment claims are dismissed to the extent they are based on Case Nos. 01 C 9461 and 02 C 8949 but may proceed to the extent they are based on Case No. 01 C 174. Elliott's due process claims are dismissed. His state law claims based on violation of the settlement agreement in Case No. 01 C 5357 and for wrongful taking of his property are within the Court's supplemental jurisdiction and thus may proceed (except as to Mascote on the latter claim). Defendants Adams, Mascote, Biermann, Williams, Sanders, Wilts, and Monahan are directed to answer Elliott's remaining claims by no later than May 1, 2007.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 16, 2007